UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ESLEY DEE CORNEILUS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-CV-595 ACL |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| CORRECTION PRISON OFFICIAL, et al., | ) |
| | ) |
| Defendants, | ) |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Esley Dee Corneilus, III brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, for the multiple reasons discussed below, the Court will dismiss this case for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Prisoner Plaintiff submitted a motion to proceed in district court without prepaying fees or costs. ECF No. 2. On his form motion, Plaintiff states that he has no job, no income, and no assets except a "Walmart money card." *Id.* at 2. Plaintiff also submitted an inmate account statement in support of his motion. ECF No. 5. However, due to a recent transfer in incarceration facilities, the statement only shows transactions for less than a one-month period. *Id.* at 1. Based on the financial information Plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement for a six-month period, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Background

Plaintiff initiated this action by filing a complaint under 42 U.S.C. § 1983 on June 1, 2022. ECF No. 1. In the 'Statement of Claim' section of that complaint, Plaintiff wrote: "will be filing admended [sic] complaint." *Id.* at 9. It was unclear whether Plaintiff intended to file an amended complaint before the Court's review under 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. As such, the Court issued an Order on June 21, 2022, directing Plaintiff to file an amended complaint, if he so chose, within thirty (30) days. ECF No. 6. In response, Plaintiff filed an amended complaint on July 13, 2022. ECF No. 7.

## The Amended Complaint

Plaintiff is currently a sentenced and incarcerated prisoner in the state of Illinois; however, the allegations of his amended complaint occurred in 2017 and 2018 when Plaintiff was a Missouri

state prisoner incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. ECF No. 7 at 2, 5.

It is unclear exactly who Plaintiff is naming as defendants in this 42 U.S.C. § 1983 action. The caption of the amended complaint lists the defendants as "Missouri Department of Correction et al." *Id.* at 1. Later in the "Defendant(s)" section of the amended complaint, Plaintiff states that there are a "total of 5 Doe's." *Id.* at 3. Plaintiff describes Jane Doe 1 as a Missouri Department of Corrections (MDOC) "Prison Institutional Investigator" located at ERDCC. *Id.* at 2. Jane Doe 2 is a MDOC "Prison Grievance Officer" or "AD-SEG Review Committee Personnel," also located at ERDCC. *Id.* at 3. Plaintiff names Jane Doe 1 and 2 in both their individual and official capacities. *Id.* at 2-3. Plaintiff provides no specific descriptive information as to the remaining Doe defendants. The only hint of an explanation as to who these defendants are, is provided later in the 'Statement of Claim':

> I pray[] that this Court[] grant me the times, location and names of Jane Doe # of the initial investigation, the Jane and Jhon Doe of parole board decision, 1 and 2# Jhon Doe of the adjustment committee as well for both official and all played a serious role to my constitutional rights being violated.

*Id.* at 18.

The allegations of the amended complaint are difficult to decipher. It appears that Plaintiff is seeking damages for mental suffering which resulted from a nine-month extension of his parole date. *Id.* at 4, 11. Plaintiff alleges that from August 2017 through May 2018 the "MDOC Parole Board, Administrative Review Board, Investigator Staff, Warden, [and] Caseworker failed to protect [his] rights to 'Due Process' and caused [him] a deprivation of [his freedom." *Id.* at 11. Plaintiff describes this as "a form of cruel and unusual punishment." *Id.* at 17.

It began in August 2017 when Plaintiff was called into an ERDCC investigator's office and questioned about greeting cards that were sent through the mail room with his name and inmate number, and which contained a "suspected substance." *Id.* at 11. Plaintiff denied knowledge of

the cards or possession of any illegal substances. However, he was placed in administrative segregation pending an investigation, including conclusive testing of the suspect substance by the Missouri State Highway Patrol. *Id.*

On November 3, 2017 – five (5) days before Plaintiff's parole release date from MDOC custody – he was issued a major conduct violation for introducing a narcotic into a penal institution. Plaintiff was told that the prison review board decided to add six (6) months to his release date, resulting in an extension until May 2018. *Id.* at 12. Plaintiff argues that such a decision was unfairly made without conclusive test results from the Highway Patrol and without any hearing or fact finding on his alleged misconduct. Plaintiff also alleges that he had a right to counsel in his defense against the prison violation. *Id.* It is unclear how the violation was eventually resolved. Plaintiff mentions waiting five (5) months for a hearing, pleading not guilty, and then being found guilty, but it is unclear what hearing he is referring to. *Id.* at 12-13.

Plaintiff asserts that he was held in solitary confinement feeling "helpless" for nine (9) months "without any justified reasons" and in violation of his "freedom of liberty" and "procedural due process." *Id.* at 13. According to Plaintiff, "prison officials" targeted Plaintiff and manipulated the conduct violation with malicious and evil-intent against him. *Id.* As a result of his confinement, Plaintiff was denied a visit with his spouse and due to the length of confinement, Plaintiff alleges that he "lost her and [his] children due to lack of companionship." Plaintiff asserts that this loss entitles him to "past, future, [and] present damages." *Id.*

Plaintiff argues that this "serious misconduct" by defendants is an abuse of power. *Id.* at 14. According to Plaintiff, the "extra time" in custody resulted in Plaintiff being prescribed "trazodone" and "psychotic meds" after his release from incarceration with the MDOC. Plaintiff complains about the conditions of confinement at ERDCC and asserts that an extension of his time living under such conditions caused "future harm [and] to be prone to violence." *Id.*

Plaintiff states further that during the nine-month period at issue, he "only" saw the Adjustment Review Board "maybe" four (4) times and that he had to wait 120 days for a hearing on his conduct violation. *Id.* at 15. Plaintiff argues that this is against MDOC policy. He also asserts that his hearing was not fair in that the misconduct report was not properly prepared. *Id.* at 15-16.

Plaintiff alleges that since his release from Missouri confinement, he has suffered mental anguish, PTSD, and anxiety. *Id.* at 4. For relief, he seeks "educational … and economic damages" including damages for "loss of companionship, loss of productivity, and support expenses." He further asserts that he has suffered "emotional harm and pain & suffering" due to defendants' negligence. He summarizes his injuries as: "mental neglect, mental anguish, & wrongful detention" and he seeks a total of $130,000 in damages. *Id.* at 5.

**Supplement**

On August 10, 2022, the Court received a "Memorandum of Law to Claim," interpreted as a supplement to Plaintiff's amended complaint. ECF No. 9. In this supplement, Plaintiff states that "while being housed in administrative segregation," "[i]ndividuals of the Missouri Probation and Parole Board" failed to protect his constitutional rights when his parole was revoked and his release date extended due to "an unresolved disciplinary violation." *Id.* at 1. Plaintiff asserts that he did not receive minimal due process requirements in the handling of his parole revocation, relying on a 1974 Supreme Court case, *Wolff v. McDonnell*, 418 U.S. 539 (1974).[1] *Id.* at 1, 6. Plaintiff then quotes policies from the 'Administration of Discipline and Use of Segregation.' *Id.* at 2-4. He argues that "Missouri state cases [] should have put Missouri Prison Officials on notice

---

[1] Plaintiff relies on *Wolff v. McDonnell* to argue that certain minimal due process requirements are required when determining whether a prisoner is guilty of serious misconduct which results in loss of good-time credits. 418 U.S. at 558. However, he seems to confuse which of those requirements the Supreme Court deemed minimally required. For example, Plaintiff argues he has been denied his "right to confront and cross-examine adverse witness[es]" and his right to counsel in a prison disciplinary proceeding – when in fact, *Wolff* held that these rights were not required. *Id.* at 567-70.

that their statutes and prison regulations created a liberty interest." *Id.* at 4. For relief, in the supplement, Plaintiff asks for $500 to $1,000 for each day that his release was delayed, plus $130,000 for "various losses." *Id.* at 5.

## Discussion

After careful review and liberal construction of the allegations of Plaintiff's pleadings, the Court finds that this case must be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). First, Plaintiff fails to name an identifiable and suable defendant. MDOC cannot be sued under § 1983 and the allegations against the Doe defendants are not sufficient to identify these individuals and provide them with notice of the allegations against them. Second, Plaintiff has no constitutional right to parole. Also, Missouri state statutes do not create a liberty interest in parole. Therefore, Plaintiff's claim for injury resulting in a nine-month delay in his release from incarceration, does not state a § 1983 claim for relief. Finally, Plaintiff seeks money damages for mental anguish and emotional distress which is barred by the Prison Litigation Reform Act.

### A. Failure to Name a Suable Defendant

As best the Court can decipher, Plaintiff names six (6) defendants in this matter: MDOC and five (5) Doe defendants affiliated with MDOC and/or ERDCC. MDOC is an agency of the state and not a suable defendant under § 1983. The five Doe defendants are not sufficiently described to be identified later in discovery. Furthermore, to the extent Plaintiff attempts to name individual Missouri Parole Board members as two of the Doe defendants, such board members are immune from § 1983 suit for parole decisions.

Plaintiff brings this action under 42 U.S.C. § 1983. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, a State is not a 'person' under § 1983 against whom

a claim for money damages can be asserted. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). MDOC is an agency of the State of Missouri and an agency exercising state power is also not a "person" subject to a suit under § 1983. *E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power as an arm of the compacting state is not "person" subject to § 1983 suit). Thus, Plaintiff's claim against MDOC in this action fails to state a claim upon which relief may be granted.

To the extent that Plaintiff is attempting to name two Doe defendants who are members of the Missouri Parole Review Board, *see* ECF No. 7 at 18 ("Jane and Jhon Doe of parole board decision"), the Eighth Circuit Court of Appeals has held that members of a state parole board are entitled to absolute immunity when considering and deciding parole questions. *Mayorga v. Missouri*, 442 F.3d 1128, 1131 (8th Cir. 2006) (parole board members were entitled to absolute immunity in their individual capacities even if mistaken in judgment); *accord Figg v. Russell*, 433 F.3d 593, 598 (8th Cir. 2006) (parole board members are absolutely immune from suit when considering and denying parole questions). "Absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 419 n. 13 (1975)).

As for all five (5) Doe defendants, Plaintiff does not sufficiently describe who each of these Doe defendants are or what they allegedly did to violate his rights. Plaintiff occasionally mentions a 'Jane Doe' in his statement of claim, but he does not specify whether he is referring to Jane Doe 1 or 2. *See* ECF No. 7 at 11-12. In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz*

*v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Moreover, Plaintiff does not explain how he thinks each of the Doe defendants individually violated his constitutional rights. The lack of specific allegations against each Doe defendant individually mandates dismissal. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of pro se complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

In this case, Plaintiff provides insufficient allegations to allow the Doe defendants to be identified after reasonable discovery. Defendants cannot be unidentified and indeterminate in number. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible). According to the Eighth Circuit, "pro se status does not excuse [Plaintiff's] failure to name the proper parties." *Jackson v. Missouri Bd. of Prob. & Parole*, 306 F. App'x 333 (8th Cir. 2009). As Plaintiff fails to name an identifiable and suable defendant in this § 1983 action, this case is subject to dismissal for failure to state a claim.

**B. No Constitutional Right to Parole or State-Created Liberty Interest**

Even if Plaintiff had identified a suable defendant in this matter, Plaintiff fails to assert a violation of a constitutional right. Plaintiff's main allegation seems to be that he was denied release at his expected parole date due to an unsubstantiated conduct violation. However, Plaintiff has no constitutional right to parole and Missouri statutes do not create a liberty interest in parole.

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation

of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The United States Supreme Court has determined that there "is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). However, based on the case cited by Plaintiff, *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court has said that a state may create certain liberty interests that are entitled to due process protection. *Sandin v. Connor*, 515 U.S. 472, 477 (1995). It is possible that a state's own "parole statutes and regulations may create a liberty interest that is entitled to due process protection." *Marshall v. Mitchell*, 57 F.3d 671, 672 (8th Cir. 1995).

But, with regard to Missouri, the United States Court of Appeals for the Eighth Circuit has held that Missouri's statutes do not create such a liberty interest. *Id.* at 672-73 (stating that "[t]his court has consistently held that the current Missouri statutes, standing alone, do not create a liberty interest protected by the due process clause of the Fourteenth Amendment"); *see also Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (stating that the Missouri parole statutes create no liberty interest under state law in the parole board's discretionary decisions). As such, Missouri's parole statutes do not create a liberty interest under state law and the Missouri "Parole Board has nearly unlimited discretion in releasing an offender on parole." *Cooper v. Holden*, 189 S.W.3d 614, 618 (Mo. Ct. App. 2006); *see also Rentschler v. Nixon*, 311 S.W. 3d 783, 788 (Mo. banc. 2010) (stating that the Missouri board of probation and parole has always "retained plenary discretion as to whether to issue a conditional release date"). Specifically, Missouri statute § 558.011.5 provides that "[t]he date of conditional release from the prison term may be extended up to a maximum of the entire sentence of imprisonment by the parole board." Mo. Rev. Stat. § 558.011.5.

Plaintiff asserts that his release from incarceration on parole was extended due to a bogus prison disciplinary violation. Plaintiff does not allege that the extension resulted in him being released after his maximum entire sentence of imprisonment. Regardless, Plaintiff does not have a constitutional right to parole and therefore, his allegations fail to state a claim under § 1983. *See Adams*, 405 F.3d 643 (affirming dismissal of § 1983 case for failure to state a claim where prisoner plaintiff was denied parole based on what he claimed was an erroneous factual determination). The extension of his release date did not deprive him of his freedom or deny him access to his family any more than he was denied these things during the rest of his incarceration time.

### C. No Damages for Mental Anguish

Finally, Plaintiff's complaint fails to state an actionable claim under the Prison Litigation Reform Act ("PLRA") for compensatory damages. The PLRA states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury."). Plaintiff's claimed injuries are mental and emotional – including "mental anguish," "anxiety," "emotional harm," and "emotional distress." ECF No. 7 at 4. The PLRA bars recovery of the $130,000 in compensatory damages that Plaintiff seeks in this action. *Id.* at 5.

### Conclusion

Plaintiff's amended complaint will be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). Plaintiff does not name an identifiable defendant who can be sued under 42 U.S.C. § 1983. Furthermore, Plaintiff has no constitutional right to be released on parole and therefore, his complaint fails to state a valid claim for § 1983 relief. Finally, Plaintiff cannot recover monetary damages for alleged emotional distress under the

PLRA. For all of these reasons, this case will be dismissed. Due to this dismissal, Plaintiff's pending motion for appointment of counsel (ECF No. 3) will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against all defendants are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 31st day of August, 2022.

                                              STEPHEN N. LIMBAUGH, JR.
                                              SENIOR UNITED STATES DISTRICT JUDGE